IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CHRIS A. REGAL,

                Petitioner,           Civil No. 10-1374-AA

        v.                            ORDER

STEVE FRANKE,

                Respondent.

AIKEN, District Judge.

        Petitioner is in the custody of the Oregon Department of
Corrections (ODOC) pursuant to a Judgment, dated September 26,
2006, from the Deschutes County Circuit Court, after convictions
after a conviction of Robbery in the Second Degree. Exhibit 101.
Petitioner was also convicted of Unauthorized Use of a Vehicle in
a separate proceeding.  Petitioner entered  Alford pleas to the

1 - ORDER

charges and the court imposed a sentence of 70 months imprisonment for the count of Robbery and a concurrent 13 months for the count of Unauthorized Use of a Motor Vehicle.

Petitioner did not file a direct appeal. Petitioner filed a Formal Petition for Post-Conviction Relief, Exhibit 105, but the Umatilla County Circuit Court denied relief.   Exhibit 117.   The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 118 - 122.

Petitioner filed an Amended Petition for habeas corpus relief under 28 U.S.C. § 2254 alleging six grounds for relief.   Petition (#2) p. 7-12.

Respondent moves to deny relief and dismiss this proceeding on the grounds that petitioner did not 'fairly present' the claims in his federal habeas petition to the Oregon Supreme Court and they are procedurally defaulted. Response (#13) p. 2. Respondent argues "insofar as petitioner's claim in Ground Two was presented to the Oregon state courts, relief on it was denied in decisions that were neither 'contrary to,' nor 'unreasonable applications of,' United States Supreme Court precedent" [and] "petitioner's claims are without merit."   *Id.*.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a

"full and fair" opportunity to consider and resolve all federal claims. <u>Keeney v. Tomayo-Reyes</u>, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63 (1996); <u>see also</u>, <u>Castillo v. McFadden</u>, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. <u>Castille v. Peoples</u>, 489 U.S. 346, 351-52 (1989); <u>Roettgen v. Copeland</u>, 33 F.3d 36, 38 (9th Cir. 1984; <u>Turner v. Compoy</u>, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. <u>O'Sullivan v. Boerckel</u>, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. <u>Keeney v. Tamayo-Reyes</u>, <u>supra</u> at 10.

If a petitioner has failed to present a federal constitutional

claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995);

4 - ORDER

Calderon v. Thompson, 523 U.S.538, 559 (1998).

As noted above, petitioner did not file a direct appeal. Petitioner filed a Formal Petition for Post-Conviction Relief alleging several claims. Exhibit 105.   However on PCR appeal, petitioner alleged a single claim as follows:

> "Counsel was constitutionally ineffective by failing to advise petitioner that there was a big idfference as to his potential sentence, depending on whether he was convicted as a principal or an aider-and-abettor.   He allowed petitioner to plead no contest to Robbery II, when in fact petitioner might have desired to present his theory to a jury that he did not personally carry or threaten anyone with a weapon, in order to remove himself from the dark cloud of Measure 11.   Because of this ineffectiveness, petitioner entered aplea that was not knowing and voluntary."

Exhibit 118, at p. 13.

Petitioner does not allege a similar claim in this proceeding. In Ground Two, petitioner alleges that he was improperly charged and convicted because no money was taken during the robbery and there was no weapon involved or found.   Petition (#2) p. 6.   In his supporting facts, petitioner further alleges that his attorney advised him to take the plea of 70 months "or else I would absolutely get no less than 180 months, and I could get 30 years." Id. p. 8.

Thus, petitioner's PCR claim alleged ineffective assistance of counsel based on counsel's advice concerning the plea. Petitioner's Ground Two in this proceeding does not allege any type of federal claim.

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and therefore cannot "fairly present" any additional claims to the Oregon state courts.[1] Thus he has procedurally defaulted the claims alleged in this proceeding. Petitioner has not alleged any cause and prejudice for his procedural default or established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or

_____

[1]ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court to be filed within 35 days from the date of the Court of Appeals's decision. See also, ORAP 9.05(2) (same). Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

comes to a different conclusion ... [from] a case involving
materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d
1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694).
The Supreme Court has held that "a federal habeas court making the
'unreasonable application' inquiry should ask whether the state
court's application of clearly established federal law was
objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409
(2000).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of
a factual issue made by a state court shall be presumed to be
correct.. The applicant shall have the burden of rebutting the
presumption of correctness by clear and convincing evidence."
Miller-El v. Cockrell, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in Strickland,
qualifies as 'clearly established Federal law, as determined by the
Supreme Court of the United States.'" Williams v Taylor, supra at
391. Under Williams, a petitioner may therefore be granted habeas
corpus relief on a claim of ineffective assistance of counsel only
if the decision of the state court was contrary to, or an
unreasonable application of Strickland v. Washington, 466 U.S. 668
(1984).

Under Strickland, a claim that counsel's assistance was so
ineffective as to require reversal of a conviction has two
components.    First, the petitioner must show that counsel's

performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

[J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to § 2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

The general nature of the *Strickland* test combined with the deference prescribed by § 2254(d) combines to require the federal court not to evaluate the state court's determination itself, but whether the state court's determination was unreasonable. <u>Knowles v. Mirzayance</u>, 129 S.Ct. 1411, 1420 (2009) (citing <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007).

As noted above, petitioner's Ground Two does not clearly state any sort of federal claim. However, if petitioner's claim in Ground Two is intended to raise the ineffective assistance of counsel claim alleged on PCR appeal, it was denied in state court decisions that are entitled to deference by this court.

The PCR court found that petitioner had failed to meet his burden and provided insufficient evidence on all claims against his trial attorney and rejected petitioner's ineffective assistance of counsel claims. Exhibit 117. Moreover the court found that attorney Brenneman's attestations were credible and that petitioner's were not. *Id*.

Petitioner has not presented any clear and convincing evidence to controvert the PCR court findings and they are therefore presumed to be correct. 28 U.S.C. § 2254(e)(1).

In addition, for the reasons set forth below, I find that the PCR court's conclusion is not contrary to, nor an unreasonable application of *Strickland*.

Petitioner's claim in Ground Two is liberally construed as a

claim that his plea was involuntary because his attorney incorrectly advised him to accept a plea of 70 months or he would "absolutely get no less than 180 months, and could get 30 years."

However, the affidavit of petitioner's trial counsel, which the PCR court found to be credible, establishes that counsel fully informed petitioner of the plea, his odds of going to trial and that petitioner had a choice. *See*, Exhibit 114.

Moreover, the record reflects that petitioner *did* actually face exposure to a 180 month sentence and possibly a 30 year sentence. The indictment related to the robbery charges alone set forth three Class B felonies which each carry a statutory maximum sentence of 10 years each. *See* ORS 164.405.    Therefore, counsel was not ineffective or incorrect in advising petitioner that he potentially faced greater exposure if he refused the plea offer.

Finally, the trial court engaged in a colloquy with petitioner in which the court confirmed that petitioner had read and understood the charges against him and was fully and voluntarily entering his pleas. Exhibit 104, p. 3-9.

I find that the record before the court clearly establishes that petitioner's trial attorneys advice concerning his plea  did not fall below an objective standard of reasonableness and that petitioner has failed to establish the first prong of the *Strickland* test.

As noted above, to satisfy the prejudice prong of *Strickland*

10 - ORDER

in the context of a plea agreement, the petitioner must demonstrate a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Petitioner has made no such demonstration in this case. The record reflects that petitioner faced exposure to 180 months' sentence - and possibly 30 years. Under these circumstances it appears that petitioner got a favorable plea bargain and there is no evidence to support an argument that but for counsel's (alleged) errors, he would not have pleaded and insisted on going to trial. Moreover, petitioner has not identified any affirmative defense that is likely to have succeeded at trial. Hill v. Lockhart, *supra*.

Based on all of the foregoing, petitioner's Petition (#2) is denied. This proceeding is dismissed.

## Certificate of Appealability

**Should petitioner appeal, a certificate of appealability**

*should be denied as petitioner has not made a substantial showing*

*of the denial of a constitutional right. See, 28 U.S.C. §*

*2253(c)(2).*

DATED this **23** day of November, 2011

Ann Aiken
United States District Judge

12 - ORDER